(No. 5516—

GULF OIL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1969.*

GULF OIL CORPORATION, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Gulf Oil Corporation, filed its complaint in the Court of Claims on May 8, 1968, in which it seeks

the sum of $2,388.14, for materials furnished various departments, as follows: Department of Public Works and Buildings — $1,642.72; Department of Public Safety — $545.99; and Department of Conservation — $199.43.

Subsequently, a written stipulation was entered into by claimant and respondent, as follows:

"The reports of the Department of Public Works and Buildings and the Department of Public Safety (copies of which are attached hereto, marked exhibits A, B and C, respectively, and, by this reference, incorporated herein and made a part hereof), the report of the Department of Public Works and Buildings being dated August 5, 1968; the report of the Department of Public Safety dated August 28, 1968; and the report of the Department of Conservation being dated August 16, 1968, shall be admitted into evidence in this proceeding without objection by either party.

"No other oral or written evidence will be introduced by either party.

"The Commissioner to which this case has been assigned and the Court may make and file their reports, recommendations, orders and decisions based upon the pleadings heretofore filed, and the evidence herein stipulated.

"Neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $1,642.72, the amount owing by the Department of Public Works and Buildings and $545.99, the amount owing by the Department of Public Safety.

"The Department of Conservation denies the claim against it in the amount of $199.43.

"Neither party desires to file briefs in this proceeding.

"Both parties waive notice of any hearing, and agree that the aforesaid order may be entered without either party being present."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have

been paid had lapsed, it would enter an award for the amount due. *St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, an Illinois Corporation, vs. State of Illinois,* Case No. 5261, opinion filed February 24, 1966. It appears that all qualifications for an award have been met in the instant case.

Claimant, Gulf Oil Corporation, is, therefore, hereby awarded the sum of $2,188.71.